**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TRACIE P. MCGUINNESS,
<u>Plaintiff-Appellant,</u>

v.

No. 97-2037

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CA-95-822-2)

Argued: April 6, 1998

Decided: May 29, 1998

Before NIEMEYER, Circuit Judge, PHILLIPS, Senior Circuit Judge,
and CHAMBERS, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Tomi White Bryan, BRYAN, WECKWORTH & BUL-
LARD, P.C., Greensboro, North Carolina, for Appellant. John Carl
Stoner, Assistant Regional Counsel, Office of General Counsel,
SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for
Appellee. **ON BRIEF:** Lisa W. Bullard, BRYAN, WECKWORTH &

BULLARD, P.C., Greensboro, North Carolina, for Appellant. Frank W. Hunger, Assistant Attorney General, J. Preston Strom, Jr., United States Attorney, Mary Ann Sloan, Chief Counsel, Region IV, Malinda C. Hamann, Assistant Regional Counsel, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tracie P. McGuinness filed an application for disability insurance benefits and supplemental security income under the Social Security Act. She claimed that since June 15, 1993, she has been disabled by reason of the combination of a status-post fracture and fusion of her left ankle, chronic bronchitis, borderline intelligence, and a mental disorder. Although the Administrative Law Judge ("ALJ") found that these conditions in combination "impose more than minimal limitation on [McGuinness'] functional capacity and are therefore severe," he concluded that McGuinness retained "the residual function capacity for light work" with various specified limitations. In reaching that conclusion, the ALJ found that McGuinness' testimony regarding her daily activities was not "very credible as she appeared to minimize what she actually was able to do" and that she exaggerated her symptoms. While the ALJ concluded that McGuinness would not be capable of returning to any of her past relevant work, he found that McGuinness nevertheless "remains capable of performing light work with the limitations described," working, for example, as an injection machine operator, an assembler of small products, an electronics worker, a buttoner in the garment industry, a second handler, and a polypacker/heat sealer. Accordingly, he concluded that McGuinness was not disabled within the meaning given by the Social Security Act. The appeals council found no basis for a review, and therefore the ALJ's decision became final.

In her action filed in the district court, McGuinness claimed that the ALJ's various conclusions were not supported by substantial evidence. The case was referred to a magistrate judge, who conducted a detailed analysis of the ALJ's findings and concluded that each of the challenged findings was supported by substantial evidence. He accordingly recommended that McGuinness' motion for judgment be denied and that the Commissioner's motion for judgment on the pleadings be granted and the action dismissed. The district court reviewed the magistrate's recommendation <u>de novo</u> and affirmed, adopting his recommendations in an order dated June 2, 1997. McGuinness filed this appeal, raising substantially the same issues that she presented to the district court.

We have carefully reviewed the record before us and considered the arguments of counsel. Our review persuades us that the decision of the district court adopting the magistrate judge's recommendation is correct, and accordingly, for the reasons given by the magistrate judge in his recommendations filed April 4, 1997, as adopted by the district court on June 2, 1997, <u>McGuinness v. Chater</u>, Civil Action No. 2:95CV00822 (M.D.N.C. June 2, 1997), we affirm.

<u>AFFIRMED</u>

3